UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80121-CR-MIDDLEBROOKS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL CODY PITTMAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now the United States, by and through the undersigned Assistant United States Attorney, and hereby objects to the Presentence Investigation Report.

At the time of the defendant's arrest, law enforcement executed a search warrant for the defendant's residence and seized multiple electronic devices pursuant to that warrant. One of the devices seized, an Apple iPhone, had remained inaccessible to law enforcement because it was encrypted. On or about January 17, 2024, the Federal Bureau of Investigation advised the undersigned that it was able to bypass the encryption and search the contents of the phone. The phone contained the following material, which the United States submits is relevant to the calculation of the defendant's sentencing guidelines.

Law enforcement identified nine videos that contain child pornography featuring prepubescent children engaging in sexually explicit conduct. In addition, law enforcement identified approximately eight videos containing child pornography featuring Victim 1 engaging in sexually explicit conduct when she was still a minor. (*See* DE 3 ¶ 5.) The United States submits that the possession of this material occurred during the commission of the offense of conviction. *See* U.S.S.G. § 1B1.3.

1

The iPhone also contained additional videos featuring suspected minors engaging in sexually explicit conduct, but due to the unknown age of the suspected minors, it is unclear whether they were in fact still minors at the time the content was produced. There is also material depicting obviously prepubescent children scantily clad and/or in suggestive, sexualized poses, but the prepubescent children are not engaging in sexually explicit conduct.

In total, law enforcement has identified 96 videos in question, some of which clearly qualify as child pornography (the nine videos featuring prepubescent children and the videos of Victim 1) and others which may qualify as child pornography but for which additional review is required. Law enforcement has requested the expedited assistance of the National Center for Missing and Exploited Children in identifying whether these videos qualify as material involving the sexual exploitation of a minor.[1]

---

[1] Ultimately this will not affect the calculation of any sentencing guideline, as the nine videos featuring prepubescent children will already exceed the 600-image threshold under U.S.S.G. § 2G2.2(b)(7)(D), the highest enhancement for the volume of the material possessed. *See* U.S.S.G. § 2G2.2 cmt. n.6(ii) (each video is considered to have 75 images).

Accordingly, the United States requests that this conduct be accounted for as relevant conduct under U.S.S.G. § 1B1.3 and that the appropriate guidelines be applied under U.S.S.G. § 2G2.2.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ Alexandra Chase
     ALEXANDRA CHASE
     ASSISTANT UNITED STATES ATTORNEY
     District Court No. A5501746
     500 South Australian Avenue, Suite 400
     West Palm Beach, Florida 33401
     Tel: (561) 209-1011
     Fax: (561) 659-4526
     alexandra.chase@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Alexandra Chase
ALEXANDRA CHASE
Assistant United States Attorney